**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Anthony Quintana, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   11 C 2646 |
| Portfolio Recovery Associates, LLC, a Delaware limited liability company, | ) ) ) ) | |
| Defendant. | ) | Jury Demanded |

**COMPLAINT**

Plaintiff, Anthony Quintana, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Anthony Quintana ("Quintana"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt that he allegedly owed originally to Capital One Bank.

4. Defendant, Portfolio Recovery Associates, LLC ("PRA"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. From its offices located in Chicago, Illinois and nine other states (Alabama, California, Kansas, New Jersey, Nevada, Pennsylvania, Tennessee, Texas, and Virginia), Defendant PRA operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant PRA was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant PRA is a bad debt buyer that specializes in buying large portfolios of delinquent consumer debts for pennies on the dollar, which it then attempts to collect upon by sending collection letters, calling the consumers on the phone, and by filing collection lawsuits.

6. Defendant PRA is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, PRA conducts business in Illinois.

7. Moreover, Defendant PRA is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, PRA acts as a debt collector in Illinois.

**FACTUAL ALLEGATIONS**

8. On January 25, 2011, Mr. Quintana and his wife filed a Chapter 7 bankruptcy petition in a matter styled In re: Quintana, N.D. Ill. Bankr. No. 11-02775. Among the debts listed on Schedule F of Mr. Quintana's bankruptcy petition was a debt

he allegedly owed for a Capital One Bank account, and both Capital One Bank and Defendant PRA were listed on the petition as to that debt.  See, excerpt of bankruptcy petition, attached as Exhibit C.

9. On January 27, 2011, both Capital One and Defendant PRA were sent notice of the bankruptcy by the court, via electronic transmission, see, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines, which is attached as Exhibit D.

10. Nonetheless, Defendant PRA sent a collection letter, dated April 13, 2011, directly to Mr. Quintana, demanding payment of a Capital One Bank debt he had owed prior to the bankruptcy.  A copy of this collection letter is attached as Exhibit E.

11. All of Defendant PRA's collection actions at issue in this matter occurred within one year of the date of this Complaint.

12. Defendant PRA's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692e Of The FDCPA --**
**Demanding Payment Of A Debt That Is Not Owed**

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

15. Demanding payment of a debt that is no longer owed, due to a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA. <u>Randolph v. IMBS, Inc.</u>, 368 F3d 726, 728-730 (7th Cir. 2004).

16. Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA –**
**Communicating With A Consumer Represented By Counsel**

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

19. Defendant PRA was given direct, written notice, through Plaintiff's bankruptcy, that Plaintiff was represented by an attorney in connection with the debt at issue. By directly sending Mr. Quintana the April 13, 2011 collection letter (Exhibit <u>E</u>), despite notice that he was represented by bankruptcy counsel in connection with the Capital One Bank debt, Defendant violated § 1692c(a)(2) of the FDCPA.

20. Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Anthony Quintana, prays that this Court:

1. Find that Defendant PRA's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Quintana, and against Defendant PRA, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Anthony Quintana, demands trial by jury.

Anthony Quintana,

By:/s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: April 20, 2011

David J. Philipps   (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com